## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EBRO FOODS, INC. | ) Case No. 09-10101 |
| | ) |
| Debtor and Debtor in Possession. | ) Hon. Eugene R. Wedoff |
| | ) |
| HARVEST FOOD GROUP, INC. | ) |
| | ) |
| Plaintiff, | ) ADVERSARY ACTION |
| | ) |
| v. | ) Case No. |
| | ) |
| EBRO FOODS, INC., ZENIADA E. ABREU, individually, and SILVIO VEGA, individually. | ) |
| | ) |
| Defendants. | ) |

### ADVERSARY COMPLAINT

For its complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1. Harvest Food Group, Inc. (the "Plaintiff") has offices in Warrenville, Illinois.

2. Plaintiff sells wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce.

3. Defendants are:

a) Ebro Foods, Inc. (the "Company"), an entity engaged in the business of buying or selling Produce in wholesale quantities.

b) Zeniada E. Abreu, individually ("Z. Abreu"), an officer or director in a position to control the Company at all times relevant to this action.

c) Silvio Vega, individually ("S. Vega"), an officer or director in a position to control the Company at all times relevant to this action.

Z. Abreu and S. Vega are together referred to as "Principals". Further, the Company and the Principals are collectively referred to herein as the "Defendants".

## JURISDICTION AND VENUE

4. The Bankruptcy Court has jurisdiction over this civil action arising under § 5(c)(4) of the PACA, 7 U.S.C. § 499e(c)(4), pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).

5. Venue in this District is based on 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff sold to the Company, and Company purchased from Plaintiff, Produce having a current invoice value of amount of $26,150.90.

7. The Produce identified above was sold pursuant to the invoices attached hereto as Group Exhibit A.

8. The Company received from the Plaintiff each of the invoices included in Group Exhibit A.

9. The Company received and accepted the Produce identified in the invoices attached as Group Exhibit A in Chicago, Illinois.

10. The Company failed to pay for this Produce despite repeated written demands.

2

11. The Plaintiff is an unpaid supplier or seller of Produce having sold Produce to the Company for which it remains unpaid.

12. The Plaintiff operates its business under a valid PACA license issued by the United States Department of Agriculture.

13. Pursuant to 7 U.S.C. § 499e(c), the Plaintiff is a beneficiary of a statutory trust res designed as a fund from which it can be assured payment. The trust became effective at the time the Defendants first began accepting shipments of Produce.

## COUNT I.

### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. § 499e(c)(4)

### COMPANY AND PRINCIPALS

14. Plaintiff re-alleges paragraphs 1 through 13.

15. The Defendants are in possession, custody and control of PACA trust assets for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries.

16. The Defendants failed to pay Plaintiff from the PACA trust assets for the shipments of Produce referenced in paragraph 7.

17. The Defendants failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

18. As a direct result of the Defendants' failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages which are covered under the PACA trust in the current amount of $26,150.90.

19. Plaintiff seeks the entry of an Order directing the Defendants to immediately turn over to the Plaintiff, as beneficiaries of this trust, an amount of the PACA trust res equal to the sum of $26,150.90.

## COUNT II.

### BREACH OF CONTRACT

### COMPANY

20. Plaintiff re-alleges paragraphs 1 through 19.

21. Plaintiff and the Company entered into contracts under which Plaintiff agreed to sell the Produce and Company agreed to purchase the Produce, each of which are referenced in paragraph 7 above.

22. The Company failed to pay for each shipment of Produce in the aggregate amount of $26,150.90.

23. Plaintiff seeks the entry of an Order directing the Company to immediately pay the current sum of $26,150.90, plus further interest, attorney's fees and costs to the Plaintiff.

## COUNT III.

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

### PRINCIPALS

24. Plaintiff re-alleges paragraphs 1 through 23.

25. At all times relevant to this action, the Principals were an officer or a person in charge of all aspects of the Company's business undertakings.

26. At all times relevant to this action, the Principals were each a person engaged in the business of buying or selling Produce in wholesale quantities.

27. The Principals each controlled and managed the Company's operations.

28. The Principals each controlled the Company's financial dealings, including those involving the PACA trust assets.

29. The Principals each had full knowledge and responsibility for the handling of the Company's PACA trust undertakings.

30. As an officer or person in control of the Company, each of the Principals were a statutory trustee of Plaintiff's PACA trust assets and were required to maintain the trust assets in such a manner as to ensure there were, at all times, sufficient trusts assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff.

31. Because Defendants did not satisfy Plaintiff's invoices from PACA trust assets as their bills fell due, Plaintiff has reason to believe the Principals dissipated the PACA trust or transferred trust assets to entities having claims which are subordinate to the Plaintiff's claims, to the detriment of the Plaintiff.

32. The Principals continue to hold any and all PACA Trust assets having come into their individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

33. The Principals are each personally liable to Plaintiff, which liability is joint and several with each other, the Company, and any third parties having received any PACA trust assets with actual or constructive notice of the breach of the PACA Trust, for the dissipation of the PACA trust to the extent of $26,150.90, plus further interest, costs and attorneys' fees, to be satisfied from the personal assets of each Principal.

**FOR THESE REASONS,** Plaintiff seeks the entry of a Judgment providing as follows:

A) Declaring the Defendants to be holding the above-described PACA trust assets as Trustees for the sole and exclusive benefit of Plaintiff and other qualified PACA trust beneficiaries;

B) As to Count I, directing the Defendants to assign, transfer, deliver and turn over to Plaintiff, or a designated escrow agent, all of the above-described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims;

C) As to Count I, entering a Final Judgment in favor of Plaintiff and against the Company and the Principals, jointly and severally, in the current amount of $26,150.90, plus further interest, costs and attorneys' fees, less any actual recovery on other Counts herein;

D) As to Count II, entering a Final Judgment in favor of Plaintiff and against the Company in the current amount of $26,150.90, plus further interest, costs and attorneys' fees, less any actual recovery on other Counts herein;

E) As to Count III, entering a final judgment in favor of Plaintiff and against the Principals, jointly and severally, for a breach of their fiduciary duties in the current amount of $26,150.90, plus further interest, costs and attorneys' fees, less any actual recovery on other Counts herein and declaring the liability flowing from that defalcation of the Principals' fiduciary duties to be nondischargeable under 11 U.S.C. § 523(a)(4); and

F)  Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

>   Respectfully submitted,
>
>   HARVEST FOOD GROUP, INC.
>
>   By: /s/ Mark A. Bulgarelli, Esq.
>       One of Its Attorneys
>
>   Michael J. Keaton, Esq.
>   Mark A. Bulgarelli, Esq.
>   KEATON & ASSOCIATES, P.C.
>   1278 W. Northwest Hwy., Suite 903
>   Palatine, Illinois 60067
>   Tel: 847/934-6500
>   keaton@pacatrust.com
>   bulgarelli@pacatrust.com