**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO FOODS, INC., | ) | Case No.  09-10101 |
| | ) | |
| Debtor and Debtor in Possession. | ) | Hon. Eugene R. Wedoff |
| | ) | |
| _____ | ) | |
| HARVEST FOOD GROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY ACTION |
| | ) | |
| v. | ) | Case No. 09-01191 |
| | ) | |
| EBRO FOODS, INC., ZENIADA E. ABREU, individually, and SILVIO VEGA, individually. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO INCLUDE**
**CONTRACTUALLY DUE FEES AND COSTS INTO FINAL JUDGMENT**

Harvest Food Group, Inc. (the "Plaintiff"), through its undersigned attorney, has filed a motion for inclusion of the Plaintiff's contractually due attorneys' fees and costs into the final judgment entered in this matter (the "Motion").  In further support of the Motion, the Plaintiff respectfully submits the following discussion and authorities:

I.  PLAINTIFF HAS A CONTRACTUAL RIGHT TO RECOVER ITS COLLECTION COSTS, SPECIFICALLY INCLUDING ATTORNEYS' FEES AND COSTS

Plaintiff's right to recover its attorneys' fees as an element of its damages clearly arose out of the contract terms between the parties.  In <u>Middle Mountain Land & Produce v. Sound Commodities</u>, 307 F.3d 1220 (9th Cir. 2002), the 9th Circuit held as follows:

> Congress wrote the statute broadly to include not only the value of commodities sold but also the expenses in connection with the sale of [Produce] when it drafted the statute. It did not limit the claim to [Produce] alone... A fair reading of the statute brings contractually due attorneys' fees and interest within the scope of the statute's protection of 'full payment owing in connection with the [produce] transaction.'

Id. at 1223. Based on this finding the remedial PACA statute was worded broadly enough to cover all "sums owing in connection with" the produce transactions, the 9th Circuit held the unpaid produce seller that had a fee shifting provision on its invoices was entitled to a PACA claim that included all attorneys' fees and costs. Id. at 1224-25. The 9th Circuit's ruling on this issue has since been adopted in other courts. In Weis-Buy Farms, et al. v. Christopher Ranch, et al., 361 F.3d 629, 632 (11th Cir. 2004), the 11th Circuit further explained its rationale as follows:

> [h]ad Congress intended to limit PACA claims solely to the price of the commodities, it could have inserted language reflecting that limitation in 7 U.S.C. § 499e(c)(2). Instead, it chose to allow '*full payment of the sums owing in connection with [commodities] transactions*.' This unambiguously encompasses not only the price of commodities but also additional related expenses. Such related expenses include attorney fees and interest that buyers and sellers have bargained for in their contracts.

Id. (emphasis in original) citing Middle Mountain Land & Produce, 307 F.3d 1220, 1223 (9th Cir. 2002). In E. Armata, Inc. v. Platinum Funding, 887 F. Supp. 590 (S.D.N.Y. 1995), the Armata Court expressly held such costs of collection to be within the scope of the PACA trust claim where the invoices included a contractual provision shifting the burden of such costs to the buyer. Id. at 594-95. In so holding, the Court stated:

> a clause in [seller's] invoices requires [buyer] to pay reasonable attorneys fees '[i]f legal action is taken to collect past due amount[s]' not yet received by the unpaid seller.... Since [Seller] has taken legal action to collect past due amounts, its attorneys fees constitute 'sums owing in connection with such transactions' and are payable from the PACA trust amounts.

Armata 887 F. Supp. at 595 (S.D.N.Y. 1995).

In the present case, each of the Plaintiff's invoices contained a fee-shifting provision on the face of document, in a box at the bottom of each page, which expressly stated as follows:

> If overdue accounts are referred to an attorney, you agree to pay our attorney's fees plus the cost of all legal action as an additional charge under the contract of sale covered by this invoice.

See Exhibit C (Invoices). At no time did the defendant Ebro Foods Inc. (the "Debtor") object to any term of these contracts and the Debtor received, accepted and re-sold the produce delivered under the Plaintiff's invoices. Because the Debtor qualified as a "merchant" in goods of the kind, the Debtor is deemed to have consented to this additional term becoming part of the parties' contracts. See UCC § 2-207. As such, "[a] fair reading of the [PACA] statute brings contractually due attorneys' fees and interest within the scope of the statute's protection of 'full payment owing in connection with the [produce] transaction.'" Middle Mountain Land & Produce v. Sound Commodities, 307 F.3d 1220, 1223 (9th Cir. 2002).

II.  THE FEES AND COSTS BILLED TO THE PLAINTIFF WERE REASONABLE AND NECESSARY TO RESOLVE THIS CLAIM

At each step in this process, the Debtor has needlessly run up the fees and costs on the Plaintiff. Debtor has further exacerbated this process by filing baseless motions and objections. For example, Debtor filed a motion to amend the judgment, (See Doc. #5), a motion attempting to use PACA Trust Assets to fund its reorganization, (See Doc. #86 in the main bankruptcy proceeding), and an objection to Plaintiff's claim which Debtor would later acknowledge was baseless. (See Doc. #108 in the main bankruptcy proceeding). In light of Debtor's actions, Plaintiff's costs and attorneys' fee are reasonable. The Debtor admitted to this Honorable Court that the Plaintiff's PACA Trust Claim was valid, yet continued to drag out this matter and file needless motions and

3

objections. As a result, the additional costs and attorneys' fees that Plaintiff has incurred are reasonable as they were all due to the Debtor's actions in this proceeding.

**FOR THESE REASONS,** the Plaintiff respectfully requests this Honorable Court to enter an amended judgment in favor of the Plaintiff, and against the Debtor, which reflects the inclusion of the contractually due fees and costs in the *additional* amount of $30,292.31, and for such other and further relief as this Honorable Court deems appropriate upon consideration of this matter.

Date: January 6, 2010

Respectfully submitted,

HARVEST FOOD GROUP, INC.

By: /s/ Mark A. Bulgarelli, Esq.
     One of Its Attorneys

Michael J. Keaton, Esq.
Mark A. Bulgarelli, Esq.
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy., Suite 903
Palatine, Illinois 60067
Tel: 847/934-6500
keaton@pacatrust.com

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a copy of the foregoing was served electronically to all parties on the above-captioned matter through the ECF system at the electronic address on file with the Clerk's Office or by depositing same in the U.S. Mail, postage pre-paid and properly addressed on this day, January 6, 2010.

By: /s/ Mark A. Bulgarelli, Esq.